**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Cr. No. 08-360 (RMU)** |
| **PAUL ALVIN SLOUGH,** | ) | |
| **NICHOLAS ABRAM SLATTEN,** | ) | |
| **EVAN SHAWN LIBERTY,** | ) | |
| **DUSTIN LAURENT HEARD,** | ) | |
| **DONALD WAYNE BALL,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**GOVERNMENT'S NOTICE OF INTENTION TO
INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 404(B)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct on the part of the defendants which is relevant to establish the defendants' intent, knowledge, absence of mistake, and motivation, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). In support of its motion, the government relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**I.      Factual Background**

On December 4, 2008, a federal grand jury empaneled in the United States District Court for the District of Columbia returned a thirty-five count indictment against the defendants, alleging offenses under the Military Extraterritorial Jurisdiction Act, 18 U.S.C. § 3261(a). All of the defendants were charged jointly with all of the offenses alleged in the indictment. The defendants were charged with fourteen counts of Voluntary Manslaughter, in violation of 18 U.S.C. §§ 3261(a),

1112, and 2; twenty counts of Attempt to Commit Manslaughter, in violation of 18 U.S.C. §§

3261(a), 1113, and 2; and one count of Using and Discharging a Firearm During and in Relation to

a Crime of Violence, in violation of 18 U.S.C. §§ 3261(a), 924(c), and 2.  The defendants were

arraigned on the indictment on January 6, 2009.

The charges all stem from a shooting incident that occurred on September 16, 2007, at the

Nisur Square traffic circle in the city of Baghdad, in the Republic of Iraq.  The facts of the shooting

incident have been described more fully in other court filings in this case and in a related case.  In

sum, the defendants, Jeremy P. Ridgeway, and thirteen other Blackwater independent contractors

were assigned that day to a convoy of four heavily-armored trucks known as a Tactical Support

Team, using the call sign "Raven 23."  At around noon on that day, the Raven 23 team left the

International Zone in disregard of an order from Blackwater's command and established a blockade

at Nisur Square, a traffic circle in central Baghdad just outside the International Zone.  While at the

traffic circle, the defendants and Mr. Ridgeway opened fire with a sniper rifle, machine guns, and

grenade launchers on unarmed civilians located in and around Nisur Square, killing at least fourteen

people, wounding at least twenty people, and assaulting but not injuring at least eighteen others.

None of these victims was an insurgent, and many were shot while inside of civilian vehicles that

were attempting to flee from the Raven 23 convoy.

## II.     Anticipated Factual Issues at Trial

It is evident from the defendants' recent court filings that the defendants intend to vigorously

dispute that they fired their weapons at Nisur Square with the requisite criminal intent required for

the crimes of manslaughter and attempt to commit manslaughter.   See  Def. Memorandum in

Support of Motion to Compel Production of Brady Materials [**Document 114-02**] at 17.  Indeed, the

defendants have advised the Court that "[t]he defendants' states of mind – both their subjective beliefs about the hostile fire they received and the objective grounds for those beliefs – *will be central issues at trial*." Id., at 21 (emphasis added). It follows therefore that the Government must be permitted to introduce appropriate Rule 404(b) evidence that tends to establish the defendants' true  knowledge, intent, and motivation at the time of the shooting.

In this case, the United States will seek to introduce evidence that in the year leading up to the events of September 16, 2007, several of the defendants had harbored a deep hostility toward Iraqi civilians which they demonstrated in words and deeds. The defendants' demonstrated hostility toward Iraqi civilians bears directly on the defendants' respective states of mind when they fired rounds at innocent civilians at Nisur Square on September 16, 2007.  In addition to verbal expressions of hatred towards Iraqi civilians, the defendants engaged in unprovoked and aggressive behavior toward unarmed Iraqi civilians in Baghdad.  In so doing, the defendants routinely acted in disregard of the use of force policies that they were required to follow as a condition of their employment as Blackwater guards.

These prior bad acts are relevant to establish that the defendants specifically intended to kill or seriously injure the Iraqi civilians that they fired upon at Nisur Square.  These prior bad acts are also relevant to establish, at a minimum, that the defendants acted in conscious disregard of an extreme risk of death or serious bodily injury when they fired their weapons.  Furthermore, these prior bad acts are relevant to refute the defendants' anticipated defense of self defense. This evidence tends to establish that the defendants fired at innocent Iraqis not because they actually believed that they were in imminent danger of serious bodily injury and actually believed that they had no alternative to the use of deadly force, but rather that they fired at innocent Iraqi civilians because of

their hostility toward Iraqis and their grave indifference to the harm that their actions would cause.

III .    **Proposed Rule 404(b) Evidence**

The proposed items of evidence admissible under Fed. R. Evid. 404(b) are the following:

1.      During the twelve months proceeding the events charged in the indictment, while assigned to a turret gun position on the Raven 23 convoy operating at various locations in the Red Zone in Baghdad, Iraq, defendants Paul Slough, Nicholas Slatten and Evan Liberty routinely threw water bottles and other items at unarmed civilians, vehicles, wagons, and bicycles without justification in an attempt to break automobile windows, injure and harass people, and for sport, and in a manner that was inconsistent with the use of force and escalation of force policies that governed Blackwater personnel in Iraq.    Among the items thrown were frozen oranges and frozen water bottles.

2.      On or about May 23, 2007, in the vicinity of Amanat City Hall in Baghdad, Iraq, near an intersection of the city known to Blackwater personnel as "Grey 55," defendant Evan Liberty discharged an automatic weapon from the turret of a Blackwater armored vehicle without aiming the weapon, and without regard for who might be struck by the rounds, and in a manner that was inconsistent with the use of force and escalation of force policies that governed all Blackwater personnel in Iraq.

3.      On or about September 9, 2007, in the vicinity of Amanat City Hall in Baghdad, Iraq, near an intersection of the city known to Blackwater personnel as "Grey 55," defendant Evan Liberty discharged an automatic weapon from a port hole of a Blackwater armored vehicle, while driving that vehicle, without aiming the weapon, and without regard for who might be struck by the rounds, and in a manner that was inconsistent with the use of force and escalation of force policies that

governed all Blackwater personnel in Iraq.

4.      During the twelve months proceeding the events charged in the indictment, while assigned to the Raven 23 convoy operating at various locations in the Red Zone in Baghdad, Iraq, defendant Nicholas Slatten made statements that he wanted to kill as many Iraqis as he could as "payback for 9/11," and he repeatedly boasted about the number of Iraqis he had shot.

5.      During the twelve months proceeding the events charged in the indictment, while assigned to the Raven 23 convoy operating at various locations in the Red Zone in Baghdad, Iraq, defendant Nicholas Slatten deliberately fired his weapon to draw out return fire and instigate gun battles in a manner that was inconsistent with the use of force and escalation of force policies that governed Blackwater personnel in Iraq.

6.      Between September 16, 2007 and on or about September 30, 2007, defendant Dustin Heard made statements that he had not been honest with the State Department agents investigating the shooting at Nisur Square.

## IV.     Basis for Admission of This Evidence

As a threshold matter, the Government asserts that evidence of the defendants' prior acts and statements of hostility toward Iraqis are not really Rule 404(b) "other crimes" evidence at all, but is properly viewed as direct proof of their intent to commit the crimes charged in the indictment. United States v. Bowie, 232 F.2d 923, 929 (D.C. Cir. 2000) (uncharged bad acts may be 'intrinsic' and thereby admissible without a Rule 404(b) analysis if the acts were 'part of the charged offense'); United States v. Allen, 960 F.2d 1055, 1058 (D.C. Cir. 1992) (per curium) ("Rule 404(b) excludes only evidence extrinsic' or extraneous' to the crimes charged, not evidence that is intrinsic' or inextricably linked.'")); United States v. Washington, 12 F.3d 1128, 1135 (D.C. Cir. 1994).

5

Likewise, defendant Heards' false statements to investigators demonstrate a consciousness of guilt, which is direct evidence of the crimes charged in the indictment. In filing this Rule 404(b) notice, the Government is merely erring on the side of caution so that the defendants have adequate notice of the type of evidence the Government intends to introduce at trial, and has an opportunity to assert any objections thereto.

Rule 404(b) of the Federal Rules of Evidence governs the admission of other crimes, wrongs or acts of a defendant. To the extent that it is not intertwined with the charged offenses, evidence of other crimes, wrongs or acts is admissible under Fed. R. Evid. 404(b) if offered for a permissible purpose. Such permissible purposes include proof of intent, motive, opportunity, plan, knowledge, identity or absence of mistake or accident. United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990), cert. denied, 498 U.S. 825 (1990). "[U]nder Rule 404(b), any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove bad character." Id. In determining whether such evidence is admissible, the Court undertakes a two part analysis. First, the Court considers whether the evidence is "probative of some material issue other than character." United States v. Clarke, 24 F.3d 257, 264 (D.C. Cir. 1994). The federal rule is one of inclusion, not exclusion; the evidence may be offered for any purpose, so long as the evidence is not offered solely to prove character. See United States v. Bowie, 232 F.3d 923, 929 (D.C. Cir. 2000); United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc); United States v. Johnson, 802 F.2d 1459 (D.C. Cir. 1986); United States v. Olds, 2007 U.S. Dist. LEXIS 8634 (D.D.C. Feb. 7, 2007). The D.C. Circuit has recognized that "Rule 404(b) evidence will often have . . . multiple utility, showing at once intent, knowledge, motive, preparation and the like." United States v. Crowder, 141 F.3d at 1208.

If the Court deems the evidence to be relevant, the Court should exclude the evidence only if its probative value "is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. See also United States v. Long, 328 F.3d 655, 662 (D.C. Cir. 1993); United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978). In close cases, the rule tilts toward the admission of the uncharged conduct evidence. See United States v. Johnson, 802 F.2d at 1463-64 ("the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged") (quoting United States v. Day, 591 F.2d 861, 878 (D.C. Cir. 1978)); United States v. Morrow, Crim. No. 04-355, Slip op., 2005 WL 3159572, *4 (D.D.C. April 5, 2005) (J. Kollar Kotelly).

All of the evidence summarized above is highly probative of the government's theory that the defendants did not care whether the victims they shot at Nisur Square were, in fact, insurgents, and the defendants did not act in self defense. United States v. Russell, 971 F.2d 1098, 1107 (4th Cir. VA 1992) ("in murder cases, evidence of defendant's 'history of violence' toward [victim] was 'highly probative in demonstrating his motive and intent as well as establishing that [the victim's] death was not accidental or suicidal'") (quoting Virgin Islands v. Harris, 938 F.2d 401, 420 (3d Cir. 1991)).

## V.    Conclusion

Application of the legal principles surrounding Rule 404(b) demonstrates that the proffered evidence is probative of relevant issues and ought to be admitted. For these reasons, the government respectfully will seek admission of this evidence at the trial.

Respectfully submitted,

CHANNING PHILLIPS
DC Bar No. 415793
Acting United States Attorney

By:          /s/
_____
KENNETH C. KOHL
Assistant United States Attorney
DC Bar No. 476236
National Security Section
U.S. Attorney's Office
555 4th Street, NW, 11th Floor
Washington, DC  20530
(202) 616-2139
Ken.Kohl@usdoj.gov


         /s/
_____
JONATHAN M. MALIS
Assistant United States Attorney
DC Bar No. 454548
National Security Section
U.S. Attorney's Office
555 4th Street, NW, 11th Floor
Washington, DC  20530
(202) 305-9665
Jonathan.M.Malis@usdoj.gov


         /s/
_____
STEPHEN PONTICIELLO
Trial Attorney
PA Bar No. 44119
Counterterrorism Section
National Security Division
U.S. Department of Justice
10th & Constitution Avenue, NW
Washington, DC  20530
(202) 307-0802
Stephen.Ponticiello@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

      I HEREBY CERTIFY that I have caused a copy of the foregoing unopposed motion to be served through the Court's Electronic Case Filing System, on counsel for the defendants, this 7th day of September, 2009.


                                                      /s/
                                         KENNETH C. KOHL
                                         Assistant United States Attorney