FILED

JAN 1 9 2010

CLERK
U.S DISTRICT COURT

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :
      :
      v.       :       Criminal Action No.:  08-0360 (RMU)
      :
PAUL A. SLOUGH *et al.*,       :
      :
      Defendants.       :

## MEMORANDUM OPINION

### DENYING THE MOTIONS OF DEFENDANTS SLATTEN AND BALL
### TO DISMISS THE INDICTMENT WITH PREJUDICE

## I. INTRODUCTION

This matter is before the court on the motions of defendants Nicholas Slatten and Donald

Ball ("the defendants") to dismiss the indictment against them with prejudice.  The government

obtained an indictment against the defendants and three other individuals, charging them with

multiple counts of voluntary manslaughter and firearms violations based on their alleged role in a

shooting that occurred in Baghdad, Iraq on September 16, 2007.  On December 31, 2009, the

court dismissed the indictment in its entirety because the government had failed to prove that it

had not used compelled, immunized information in the course of obtaining the indictment.

Although the court concluded that much of the government's evidence was tainted, it did not bar

the government from seeking another indictment based solely on untainted evidence.

In the motions now before the court, defendants Slatten and Ball contend that the

indictment should be dismissed against them with prejudice – meaning that the government

could not attempt to re-indict them – because there is insufficient untainted evidence to support

another indictment and because the prosecutors committed gross misconduct in obtaining the

original indictment.  Because the court finds no legal justification warranting dismissal with prejudice, the court denies the defendants' motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

By way of brief background,[1] the defendants were security guards employed by Blackwater Worldwide, a private company that provided security services to U.S. employees operating in Iraq.  On September 16, 2007, the defendants were part of a Blackwater convoy, operating under the call sign Raven 23, that was involved in a shooting that occurred in a traffic circle in downtown Baghdad.  The shooting resulted in the death and injury of more than thirty people.  On December 4, 2008, a grand jury returned a thirty-five count indictment against the defendants and three other individuals, charging them with voluntary manslaughter and firearms violations.  *See generally* Indictment.

Beginning on October 14, 2009, the court held a three-week long *Kastigar* hearing, during which the government attempted to prove that it had made no impermissible use of any compelled, immunized testimony in obtaining the indictment.  *See* Mem. Op. (Dec. 31, 2009) at 2; *Kastigar v. United States*, 406 U.S. 441, 460 (1972) (holding that "[o]nce a defendant demonstrates that he has testified, under a state grant of immunity, to matters related to the federal prosecution, the federal authorities have the burden of showing that their evidence is not tainted by establishing that they had an independent, legitimate source for the disputed evidence'") (quoting *Murphy v. Waterfront Comm'n*, 378 U.S. 52, 79 n.18 (1964)).  On December 31, 2009, following extensive post-hearing briefing, the court dismissed the indictment in its entirety, concluding that the government had failed to prove that it had not used

---

[1]     A more thorough description of the factual background and procedural history of this case can be found in the court's recently issued memorandum opinion. *See generally* Mem. Op. (Dec. 31, 2009).

compelled, immunized statements in obtaining the indictment. *See generally* Mem. Op. (Dec. 31, 2009). The court did not, however, bar the government from seeking a subsequent indictment based on untainted evidence, although it did conclude that much of the evidence relied on to obtain the first indictment was tainted. *See generally id.*

Prior to the issuance of the court's ruling, while the parties were still preparing post-hearing briefing, the government filed a motion under Federal Rule of Criminal Procedure 48(a) for leave to dismiss the indictment against defendant Slatten without prejudice. *See generally* Govt's Mot. for Leave to Dismiss Indictment Against Def. Slatten Without Prejudice. In its motion, the government conceded that it had used tainted evidence to obtain the indictment against defendant Slatten.[2] In response, defendant Slatten filed this motion to dismiss the indictment with prejudice, in which he argues that the government lacks sufficient untainted evidence to sustain charges against him and that the government committed gross misconduct in obtaining the indictment. *See generally* Def. Slatten's Mot. for Dismissal With Prejudice ("Slatten Mot.").[3] On the same day, defendant Ball filed a motion seeking to dismiss the indictment against him with prejudice, also citing prosecutorial misconduct. *See generally* Def. Ball's Mot. to Dismiss the Indictment ("Ball Mot."). The government opposes both motions. *See generally* Govt's Reply Brief in Support of its Mot. for Leave of Court to Dismiss Indictment Without Prejudice ("Govt's Opp'n to Slatten Mot."); Govt's Opp'n to Def. Ball's

---

[2]   The government's motion for leave to dismiss without prejudice was denied as moot following the court's dismissal of the indictment against all defendants. *See* Mem. Op. (Dec. 31, 2009) at 90 n.67.

[3]   Defendant Slatten also briefly argues that dismissal with prejudice is necessary to prevent abuse of Federal Rule of Criminal Procedure 48. Slatten Mot. at 5, 14-15. As previously noted, however, the court has denied as moot the government's Rule 48 motion. *See* Mem. Op. (Dec. 31, 2009) at 90 n.67.

Mot. to Dismiss the Indictment Based on Allegations of Prosecutorial Misconduct ("Govt's Opp'n to Ball Mot.").

## III. ANALYSIS

### A. The Court Declines to Dismiss the Indictment Against Defendant Slatten With Prejudice On the Grounds That the Government Lacks a Prosecutable Case Against Him

Defendant Slatten contends that the court should dismiss the indictment against him with prejudice because the government does not have a prosecutable case against him. Slatten Mot. at 6-12. He notes that the government has conceded that the testimony of Adam Frost, a fellow Raven 23 member who testified against Slatten, was tainted because it was influenced by Frost's exposure to Slatten's compelled statements. *Id.* at 7. He also argues that the grand jury testimony of Matthew Murphy, another Raven 23 member, was similarly tainted.[4] *Id.* at 8. Without the testimony of Frost and Murphy, Slatten argues, the government simply has no case against him. *Id.* at 9.

The government responds that whether or not there is enough untainted evidence to support charges against defendant Slatten is an issue that the court may not adjudicate before a grand jury has even considered whether to re-indict. Govt's Opp'n to Slatten Mot. at 4-7. It maintains that defendant Slatten is asking the court to undertake a pretrial assessment of potential evidence against him, an endeavor that would run afoul of binding precedent. *Id.* at 5. The government suggests that there may be sufficient untainted evidence to sustain an indictment against defendant Slatten. *Id.* at 6-7.

---

[4]    Indeed, the court concluded in its December 31, 2009 memorandum opinion that Murphy's grand jury testimony regarding defendant Slatten was tainted. *See* Mem. Op. (Dec. 31, 2009) at 51-59.

4

In most instances, the dismissal of an indictment does not bar the government from
seeking re-indictment if, in so doing, it can cure the defect that required the dismissal of the
original indictment. *See, e.g.*, *United States v. Ball*, 163 U.S. 662, 672 (1896) (holding that a
defendant who procures a reversal of his conviction because of a fatally defective indictment
"may be tried anew . . . upon another indictment, for the same offense of which he had been
convicted"); *In re Nofziger*, 925 F.2d 428, 435 (D.C. Cir. 1991) (observing that "[a] defendant
whose conviction is reversed on appeal for an insufficient indictment may be retried upon
another indictment charging the same offense as that which was reversed") (citing *Ball*).
Ordinarily, the dismissal of an indictment based on a *Kastigar* violation falls within this general
rule. *See United States v. Palumbo*, 897 F.2d 245, 251 (7th Cir. 1990) (dismissing the indictment
based on the government's failure to meet its *Kastigar* burden and noting that the government
would have to demonstrate that any subsequent indictment was based on evidence derived from
legitimate independent sources); *United States v. Dornau*, 491 F.2d 473, 477 (2d Cir. 1974)
(observing that even if the district court properly dismissed the indictment based on a *Kastigar*
violation, that would not necessarily preclude the government from attempting to re-indict the
defendant by having a prosecutor who had not been exposed to the tainted evidence present
independently derived evidence to a different grand jury); *cf. United States v. De Diego*, 511
F.2d 818, 824 (D.C. Cir. 1975) (holding that the trial court erred in dismissing an indictment
with prejudice for a *Kastigar* violation without holding a *Kastigar* hearing and noting that even if
the court concluded that part of the evidence was tainted, the prosecutors could have chosen to
proceed to trial using only the admittedly untainted evidence).  In other words, after an
indictment has been dismissed on *Kastigar* grounds, the government may seek to cure the

*Kastigar* problem by attempting to obtain an indictment untainted by immunized material.[5] *See Dornau*, 491 F.2d at 477.

Defendant Slatten argues that the court should depart from this rule and prohibit re-indictment because without the tainted evidence, the government simply has no case against him. *See* Slatten Mot. at 6-12. Yet such a ruling would require the court to make a determination, prior to any proffer by the government to a grand jury, petit jury or this court, that there is insufficient untainted evidence to sustain charges against defendant Slatten. Settled precedent prohibits the court from proceeding down this speculative path. *Cf. Costello v. United States*, 350 U.S. 359, 363-64 (1956) (holding that the courts lack the authority to invalidate indictments based on the inadequacy of the supporting evidence); *United States v. Yakou*, 428 F.3d 241, 246-47 (D.C. Cir. 2005) (observing that the pretrial dismissal of an indictment on sufficiency of the evidence grounds is unwarranted unless "material facts are undisputed and only an issue of law is presented"); *United States v. Hickey*, 367 F.3d 888, 894 (9th Cir. 2004) (rejecting the defendant's challenge to the sufficiency of the evidence before the grand jury); *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (reversing the trial court's partial dismissal of the indictment based on the insufficiency of the supporting evidence because "[u]nless the government has made what can fairly be described as a full proffer of the evidence it intends to present at trial . . . the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment").

*United States v. Fields*, 475 F. Supp. 903 (D.D.C. 1979), the principal authority on which defendant Slatten relies, provides scant support for his position. *Fields* concerned the propriety of an indictment whose sole purpose was to coerce the subject of the indictment to cooperate

---

[5]     Nothing in the court's December 31, 2009 decision precludes the government from so proceeding in this case. *See generally* Mem. Op. (Dec. 31, 2009).

with the government in its case against another individual. *Fields*, 475 F. Supp. at 907. The court noted that the government knew that there was insufficient evidence to sustain the charges, which indicated that the indictment was not brought in a good faith effort to obtain a conviction against the defendant, but was instead intended to pressure the defendant into cooperating with the government. *Id.* The court concluded that this practice constituted impermissible harassment and that dismissal with prejudice was the only adequate remedy. *Id.* at 907-08. Thus, *Fields* stands only for the proposition that a dismissal with prejudice may be warranted to prevent government harassment.[6] *Id.* (noting that "although generally a dismissal by the government does not bar reinstitution of a prosecution, an exception is made where there has been a harassment of a defendant"); *accord United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989) (observing that the court possesses the authority "in exceptional cases to reject a dismissal without prejudice – which would allow re-prosecution – if this would result in harassment of the defendant or would otherwise be contrary to the manifest public interest"). It does not support the proposition that the court may dismiss an indictment with prejudice based solely on its pretrial determination that there is insufficient evidence to sustain another indictment. *See Fields*, 475 F. Supp. at 907-08.

In sum, the court may not speculate as to whether there is sufficient untainted evidence to support an indictment and conviction against defendant Slatten. *See Costello*, 350 U.S. at 363-64. Such a conclusion would be particularly inappropriate under these circumstances, given that the government may possess untainted inculpatory evidence to which the court has not been made privy. *See United States v. Sayes*, 49 F. Supp. 2d 870, 873-74 (M.D. La. 1999) (rejecting the defendant's argument that dismissal without prejudice would be futile because the

---

[6]     Defendant Slatten has presented no evidence of prosecutorial harassment. *See generally* Slatten Mot. Indeed, defendant Slatten has offered nothing to suggest that the government commenced the prosecution against him for any other purpose than to obtain his conviction. *See generally id.*

government could not obtain another indictment absent tainted evidence), *aff'd sub nom., United States v. Daniels*, 281 F.3d 168, 176 (5th Cir. 2002). Whether or not this evidence – if, indeed, it is untainted – is sufficient to sustain charges against defendant Slatten is a question for the grand jury in the first instance, not the court. Thus, the court denies defendant Slatten's motion to dismiss with prejudice based on his assertion that the government lacks a prosecutable case against him.

## B. The Court Declines to Dismiss the Indictment Against the Defendants With Prejudice Based on Prosecutorial Misconduct

Defendants Slatten and Ball argue that the indictment should be dismissed with prejudice based on prosecutorial misconduct. More specifically, they contend that the government failed to present exculpatory evidence to the grand jury, distorted the testimony of witnesses in its presentations to the grand jury, improperly informed the grand jury that the defendants had given immunized statements and refused to testify before the grand jury, made misrepresentations to the court regarding the extent and depth of its evidence and made inflammatory and prejudicial public comments regarding the case. Slatten Mot. at 15-24; Ball Mot. at 15-25. The defendants contend that dismissal with prejudice is the only appropriate sanction for these abuses. Slatten Mot. at 15-24; Ball Mot. at 15-25 & Proposed Order.

The government responds that there has been no prosecutorial misconduct warranting dismissal with prejudice. *See* Govt's Opp'n to Slatten Mot. at 7-16; *see generally* Govt's Opp'n to Ball Mot. It notes that it was under no legal obligation to present exculpatory evidence to the grand jury, and that at any rate, it did, in fact, present significant exculpatory evidence to the grand jury. *See* Govt's Opp'n to Slatten Mot. at 8-11; Govt's Opp'n to Ball Mot. at 5-9. The government also asserts that it did not materially distort the testimony of any witnesses and that

the defendants' other allegations of misconduct are without merit. Govt's Opp'n to Slatten Mot. at 13-16; Govt's Opp'n to Ball Mot. at 12-16.

Under its supervisory powers, the court may dismiss an indictment with prejudice as a sanction for prosecutorial misconduct. *See United States v. Kojayan*, 8 F.3d 1315, 1325 (9th Cir. 1993) (remanding to the district court "to determine whether to retry the defendants or dismiss the indictment with prejudice as a sanction for the government's misbehavior"). It is clear, however, that the court may exercise this authority only in extreme circumstances. *See United States v. Welborn*, 849 F.2d 980, 985 (5th Cir. 1988) (noting that the court's supervisory authority "includes the power to impose the extreme sanction of dismissal with prejudice only in extraordinary circumstances and only where the government's misconduct has prejudiced the defendant"); *United States v. Hattrup*, 763 F.2d 376, 377-78 (9th Cir. 1985) (holding that the defendant's allegations of prosecutorial misconduct did not justify "the harsh remedy of dismissal with prejudice"). As one Circuit has observed, "[d]ismissal of an indictment with prejudice is the most severe sanction possible. Such dismissal exercised under the guise of 'supervisory power' is impermissible absent a clear basis in fact and law for doing so." *United States v. Isgro*, 974 F.2d 1091, 1097 (9th Cir. 1992) (internal citations and quotation marks omitted) (noting also that "[d]ismissal of an indictment with prejudice necessarily implicates separation-of-powers principles" which "mandate[] judicial respect for the independence of the prosecutor").

Accordingly, dismissal without prejudice is ordinarily the appropriate remedy for prejudicial prosecutorial misconduct during grand jury proceedings. *See United States v. Lawson*, 502 F. Supp. 158, 172 (D. Md. 1980) (observing that "most federal courts that have dismissed indictments due to prosecutorial misconduct in the grand jury room have done so

without prejudice to subsequent reindictment"); *see also United States v. Feurtado*, 191 F.3d 420, 424-25 (4th Cir. 1999) (holding that the district court properly dismissed an indictment without prejudice based on the prosecution's unintentional introduction of false and misleading testimony to the grand jury); *United States v. Leeper*, 2006 WL 1455485, at *4-*5 & n.7 (W.D.N.Y. May 22, 2006) (dismissing an indictment without prejudice because the prosecutor improperly informed the indicting grand jury that an earlier grand jury had already indicted the defendant and wrongly informed the grand jury that the earlier indictment had to be vacated because of a mere "oversight," when in fact that first indictment failed to allege all of the required elements of the crime); *United States v. Breslin*, 916 F. Supp. 438, 446 (E.D. Pa. 1996) (dismissing an indictment without prejudice based on the prosecution's presentation to the grand jury of irrelevant, highly prejudicial testimony, distortion of testimony and introduction of hearsay testimony in a manner suggesting that it was a first-person observation); *United States v. Omni Int'l Corp.*, 634 F. Supp. 1414, 1440 (D. Md. 1986) (holding that dismissal of the indictment without prejudice was the appropriate sanction for the prosecution's "consistent course of entrenched and flagrant misconduct"). As one court has explained, "[a]lthough defendants do have a constitutional right to an informed and unbiased grand jury, they have no concomitant right to bar forever investigation into their alleged criminal conduct." *Lawson*, 502 F. Supp. at 172. Thus, "[w]hile defendants are entitled to the remedy of dismissal for violations of their constitutionally protected rights, they are not entitled to the reward of permanent immunity respecting their alleged criminal conduct . . . . [T]he costs to society are simply too high." *Id.* at 173; *see Leeper*, 2006 WL 1455485, at *5 n.7 (noting that dismissal without prejudice accomplishes the result of restoring the defendant to the position he would have been in but for the alleged violation).

The court has already dismissed the indictment in its entirety based on the government's failure to prove that it did not use any compelled, immunized testimony made by the targets of the prosecution in the course of obtaining the indictment. *See generally* Mem. Op. (Dec. 31, 2009). The court is not persuaded that the additional, extreme sanction of dismissal with prejudice is justified under these circumstances. *See Isgro*, 974 F.2d at 1098 (noting that the court should consider less drastic alternatives prior to dismissing an indictment with prejudice) (citing *United States v. Morrison*, 449 U.S. 361, 365 (1981)). Although the government's failure to present the grand jury with exculpatory evidence violated its own internal policies[7] and demonstrated the disregard with which it sought the indictment, *see* Mem. Op. (Dec. 31, 2009) at 83 n.63, this failure does not, standing alone, constitute an independent grounds for dismissal of the indictment, *see United States v. Williams*, 504 U.S. 36, 52-53 (1992) (holding that the district court may not dismiss an otherwise valid indictment on the ground that the prosecution failed to present the grand jury with substantial exculpatory evidence in its possession); *United States v. Gillespie*, 974 F.2d 796, 801 (7th Cir. 1992) (holding that a violation of the Justice Department's internal policy requiring the disclosure of exculpatory evidence to the grand jury does not serve as a basis for dismissal of an indictment). And although the prosecution's distorted presentation of witness testimony, gratuitous remarks about the defendants' failure to appear before the grand jury and other purported missteps raised by the defendants may have justified dismissal of the indictment, the court is not persuaded that these actions warrant the imposition of a permanent

---

[7]     *See* United States Attorneys' Manual § 9-11.233 (stating that "[i]t is the policy of the Department of Justice . . . that when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor must present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person").

bar on any investigation into their alleged criminal conduct.[8] *See Lawson*, 502 F. Supp. at 172-73.  Accordingly, the court denies the defendants' motions to dismiss the indictment with prejudice based on prosecutorial misconduct.

## IV.  CONCLUSION

For the foregoing reasons, the court denies the defendants' motions to dismiss the indictment with prejudice.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th day of January, 2010.

RICARDO M. URBINA
United States District Judge

---

[8]     Defendant Ball likens the prosecution's behavior in this case to the prosecutorial misconduct considered in *Leeper* and *Breslin*, *see* Ball Mot. at 12-13, two cases in which the courts dismissed the indictments without prejudice. *United States v. Leeper*, 2006 WL 1455485, at *5 & n.7 (W.D.N.Y. May 22, 2006); *United States v. Breslin*, 916 F. Supp. 438, 446 (E.D. Pa. 1996).